UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**MATTHEW T. SCHECHTER**
             **Petitioner,**

                   **v.**                                        **Case No. 04C0701**

**JUDY P. SMITH**
             **Respondent.**

---

## DECISION AND ORDER

Petitioner Matthew T. Schechter, a Wisconsin state prisoner, filed a petition for habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of the state court's failure to give him credit against a period of probation for the time he spent in jail and in a drug treatment facility prior to being placed on probation. On March 28, 2005, I denied petitioner's application for a writ of habeas corpus and dismissed the case. Under Fed. R. Civ. P. 59(e) petitioner now moves for reconsideration.

A rule 59(e) motion is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, present evidence that was available earlier, or attempt to correct a party's own procedural errors. Popovits v. Circuit City Stores, Inc., 185 F.3d 726, 730 (7th Cir. 1999); L.B. Credit Corp v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995); Griesz v. Household Bank, 8 F. Supp. 2d 1031, 1045 (N.D. Ill. 1998), aff'd, 176 F.3d 1012 (7th Cir. 1999). Instead, the only grounds for a Rule 59(e) motion are newly discovered evidence, an intervening change in the controlling law, or a "manifest error of law" by the court. Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998). The rule essentially enables a district court

to correct its own errors and thus avoid unnecessary appellate procedures. <u>Divane v. Krull</u> <u>Elec. Co.</u>, 194 F.3d 845, 848 (7th Cir. 1999).

Petitioner argues that, in denying his petition for a writ of habeas corpus, I ignored the arguments raised in his reply brief suggesting that the Wisconsin Court of Appeals unreasonably applied clearly established federal law as determined by the United States Supreme Court. Petitioner claims that he cited authority indicating that not granting credit against a term of probation but doing so against a prison sentence denies equal protection. Petitioner appears to be relying on his citations to <u>Williams v. Illinois</u>, 399 U.S. 235 (1970) and <u>Tate v. Short</u>, 401 U.S. 395 (1971). However, these cases do not indicate that equal protection rights are implicated when sentence credit is granted against a term of imprisonment but not against a term of probation. In <u>Williams</u>, the Court held that "the Equal Protection Clause of the Fourteenth Amendment requires that the statutory ceiling placed on imprisonment for any substantive offense be the same for all defendants irrespective of their economic status." 399 U.S. at 244. In <u>Tate</u>, the Court held that, "[s]ince Texas has legislated a 'fines only' policy for traffic offenses, [the State] cannot, consistently with the Equal Protection Clause, limit the punishment to payment of the fine if one is able to pay it, yet convert the fine into a prison term for an indigent defendant without the means to pay his fine." 401 U.S. at 399. Moreover, no other case cited by petitioner in his reply brief establishes that equal protection rights are implicated when sentence credit is applied against a term of imprisonment but is not applied against a term of probation. Thus, petitioner has not demonstrated that there is newly discovered evidence, an intervening change in the controlling law, or a "manifest error of law" by the court. <u>Cosgrove</u>, 150 F.3d at 732.

**THEREFORE, IT IS ORDERED** that petitioner's motion is **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of April, 2005.

s/ Lynn Adelman
LYNN ADELMAN
District Judge

Case 2:04-cv-00701-LA   Filed 04/18/05   Page 3 of 3   Document 28