UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MATTHEW T. SCHECHTER,
        Petitioner,

    v.                                                     Case No. 04C0701

JUDY P. SMITH,
        Respondent.

## ORDER REGARDING CERTIFICATE OF APPEALABILITY

On April 4, 2005, habeas petitioner Matthew T. Schechter filed a notice of appeal of my dismissal of his case on March 28, 2005 and a request for a certificate of appealability.

Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability pursuant to 28 U.S.C. § 2253(c). 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quotation marks omitted) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. See 28 U.S.C. § 2253(c)(3).

1

Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484.

None of the issues raised by Matthew Schechter in his habeas petition deserves encouragement to proceed further nor is the denial of each issue debatable among jurists of reason. Petitioner argued that "[t]he primary issue is whether the term 'sentence' as used in Wis. Stat. § 973.155 should, in the absence of an imposed prison term, be interpreted to include probation." (Pet'r's Br. at 5.) I concluded that Wisconsin courts have held that sentence credit may not be applied against a term of probation and that I am bound by such interpretation. See Perruquet v. Briley, 390 F.3d 505, 511 (7th Cir. 2004) (stating that alleged "errors of state law in and of themselves are not cognizable on habeas review").

Petitioner also argued that the State of Wisconsin violated his rights to equal protection and due process because, according to petitioner, it calculates sentence credit for sentence-withheld probationers like himself after revocation but does so for sentence-imposed and -stayed probationers at the time of sentence. I concluded that this claim did not need to be addressed because this constitutional claim turned upon the correctness of his primary claim that sentence credit can be applied against probation.

Thus, for the same reasons as set forth in my March 28, 2005, Decision and Order and for the reasons set forth above, petitioner has not made a substantial showing of the denial of any constitutional right. As stated above, I do not believe jurists of reason would differ as to any of the issues he presented in this case and I do not believe these issues should proceed further.

I dismissed petitioner's claim that he was denied equal protection when he did not receive credit against a probation term whereas he would have received credit against a prison sentence on a procedural ground for failure to exhaust his state court remedies. When a district court dismisses a claim in a habeas petition based on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. Section 2253 mandates that both showings be made before a certificate of appealability is granted. See id. at 484-85. The district court is allowed, and indeed encouraged, to proceed first to the procedural issue if its answer is more apparent from the record and arguments. See id. at 485.

> Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Id. at 484.

Addressing the procedural issue first, I do not believe that my dismissal for failure to exhaust state court remedies would be debatable among jurists of reason reviewing the record of this case. The record clearly indicates that petitioner did not raise this claim in state court. As stated above, where a plain procedural bar is present and the district court is correct to invoke it to dispose of the claim, no reasonable jurist could conclude that the district court erred or that the petitioner should be allowed to proceed further. There is therefore no need to address the underlying merits of this claim.

3

**THEREFORE, IT IS ORDERED** that petitioner's request for a certificate of appealability is **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of April, 2005.

<pre>
                              s/Lynn Adelman
                              LYNN ADELMAN
                              District Judge
</pre>