# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

MATTHEW T. SCHECTER,
           **Petitioner,**

   **v.**                             **Case No. 04C0701**
                                       **Appeal No. 05-2069**

JUDY P. SMITH,
               **Respondent.**

---

## <u>MEMORANDUM AND ORDER</u>

On April 4, 2005, habeas petitioner Matthew Schechter filed a notice of appeal of my dismissal of his case and a request for a certificate of appealability. On May 23, 2005, he added a petition for leave to proceed on appeal in forma pauperis. On April 19, 2005, I denied petitioner's request for a certificate of appealability. This memorandum and order addresses petitioner's petition for leave to proceed on appeal in forma pauperis.

Petitioner requests in forma pauperis status so that he may avoid paying the appellate filing fee of $255. Petitioner was not in forma pauperis at the district court level because he paid the $5 filing fee in this court. The jump in price makes his current request understandable.

Title 28 U.S.C. § 1915(a)(1) authorizes the commencement of an appeal without prepayment of fees by a person who submits an affidavit that includes a statement of all assets he possesses and that he is unable to pay such fees. Section 1915(a)(3) adds that an appeal may not be taken in forma pauperis if the district court certifies in writing that the appeal is not taken in good faith. "Good faith" is an objective standard. <u>Coppedge v.</u>

United States, 369 U.S. 438, 446 (1962); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, Coppedge, 369 U.S. at 446; Lee, 209 F.3d at 1026, meaning that a reasonable person could suppose it to have at least some legal merit, Lee, 209 F.3d at 1026; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed in forma pauperis. Dixon v. Pitchford, 843 F.2d 268, 270 (7th Cir. 1988).

In this case, it appears that petitioner's arguments are not so baseless that they would be dismissed as frivolous without further consideration. As a result, as far as § 1915(a)(3) is concerned he should be allowed to proceed.

Poverty is another matter, however. One need not be completely destitute in order to proceed in forma pauperis under § 1915. An affidavit demonstrating that a person cannot, because of his poverty, provide himself with the necessities of life is sufficient. Dotson v. Blood Ctr., 988 F. Supp. 1216, 1219 (E.D. Wis. 1998) (Gordon, J.). As petitioner is incarcerated, his "necessities of life" are provided for him already, making the money coming into his account available for discretionary things, including court fees.

It is within a district court's discretion to order payment of a portion of the filing fee while waiving the remainder where a habeas petitioner cannot pay the full expense but is economically able to pay a portion thereof. Longbehn v. United States, 169 F.3d 1082, 1083 (7th Cir. 1999). In my opinion, petitioner has the ability to pay $125 of the appellate fee. I will require him to pay that portion but will waive the remainder. Petitioner is cautioned that this payment must be made to the clerk of the district court for the Eastern

2

District of Wisconsin; the clerk of the district court receives the appellate fee on behalf of the court of appeals. Fed. R. App. P. 3(e).

### III. CONCLUSION

**THEREFORE,** the court **FINDS** that the appeal has been taken in **GOOD FAITH**.

**IT IS ORDERED** that petitioner's request for in forma pauperis status on appeal is **GRANTED TO THE EXTENT** that he will be allowed to proceed in forma pauperis upon partial payment to the District Clerk of the fee, in the amount of $125, with the remainder of the fee waived. Petitioner must pay such amount to the Clerk of the District Court within **21 DAYS** of the date of this order.

A copy of this order will be sent by my clerk to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707; and to Gino J. Agnello, Circuit Clerk for the Seventh Circuit, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.

Dated at Milwaukee, Wisconsin, this 17 day of June, 2005.


/s_____
LYNN ADELMAN
District Judge

3